1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12   WILLIAM S. NEELY,                        2:08-CV-01950-RRC

13              Plaintiff,                     **ORDER DISMISSING**
                                               **COMPLAINT WITHOUT**
14   vs.                                       **PREJUDICE**

15   COUNTY OF SACRAMENTO, et al.,

16              Defendants.

17   _____/

18

19          Plaintiff, a state prisoner proceeding pro se, has filed a 42 U.S.C. § 1983 action.  This Court

20   will dismiss the Complaint because (1) Plaintiff's § 1983 claim for monetary damages is not

21   cognizable, and (2) Plaintiff lacks standing to bring a claim for injunctive relief.

22          Plaintiff alleges that employees of the Sacramento County District Attorney's Office

23   Forensic Laboratory failed to follow the equipment manufacturer's internal standard when analyzing

24   DNA samples.  Complaint 10-11.  According to Plaintiff, the manufacturer recommends that the

25   "stutter" (characterized by Plaintiff as the level of variation between two DNA samples) between a

26   given DNA sample and a matched individual's DNA should not exceed a level of 10.  Id.  The

27   Forensic Laboratory, however, allowed the stutter to reach a level of 15.  Id.  Plaintiff further alleges

28   that the stutter between the DNA sample used as evidence against him in his underlying criminal

     trial and his DNA was 19.  See id. at 10.  Such a high level of variation could indicate the presence

                                                  - 1 -

1 | of an unknown third party's DNA in the sample. Id. at 11. As "[a] major part of the prosecution's

2 | evidence against plaintiff[] was based on DNA analysis," Plaintiff alleges that the failure to mention

3 | the possibility of the presence of a third party's DNA in the sample at trial amounted to obstruction

4 | of justice, perjury, subornation of perjury, falsification of evidence, false arrest, malicious

5 | prosecution, cruel and unusual punishment, denial of due process, denial of access to courts, and

6 | jury tampering. Id. at 8-9. Plaintiff requests both (1) monetary damages and (2) injunctive relief to

7 | "be formulated by this Court, to prevent these violations of law from reoccuring[,] [i]ncluding the

8 | separation of the Crime Lab and DNA Lab from any direct association with the Sacramento District

9 | Attorney's Office and/or the Sacramento County Sheriff's Office . . . ." Id. at 25-26.

10 | I.     Claims Not Cognizable Under § 1983

11 |        Both 42 U.S.C. § 1983 and the federal habeas statute, 28 U.S.C. § 2254, provide access to

12 | federal courts for unconstitutional treatment by state officials. Heck v. Humphrey, 512 U.S. 477,

13 | 480 (1994). However, their scope and operation differ. Id. In general, a § 1983 claim can be

14 | brought when defendants acting under the color of state law deprive a plaintiff of rights secured by

15 | the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). In

16 | contrast, "when a state prisoner is challenging the very fact or duration of [the prisoner's] physical

17 | imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to

18 | immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a

19 | writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

20 |        Accordingly, a claim that implies the invalidity of a plaintiff's underlying conviction should

21 | be brought as a habeas claim rather than as a § 1983 claim. See Heck, 512 U.S. at 486-87. Where a

22 | § 1983 action seeking damages alleges constitutional violations that would necessarily imply the

23 | invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or

24 | conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding.

25 | See id. at 483-87. This favorable termination rule applies regardless of the form of remedy sought.

26 | See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Wilkinson v. Dotson, 544 U.S. 74, 81-82

27 | (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no

28 | matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

1  conduct leading to conviction or internal prison proceedings) – if success in that action should

2  necessarily demonstrate the invalidity of confinement or its duration.").

3      If a claim brought under § 1983 is not cognizable because it implies the invalidity of the

4  underlying conviction, it should be dismissed without prejudice. See Balisok, 520 U.S. at 648-49;

5  Heck, 512 U.S. at 486-87. However, if a complaint alleges both claims that are cognizable under §

6  1983 and those that are not, this Court should allow the cognizable claims to proceed. See Ybarra v.

7  Reno Thunderbird Mobile Home Vill., 723 F.2d 675, 681-81 (9th Cir. 1984).

8      Plaintiff characterizes his action as a § 1983 action. Many of Plaintiff's claims for which he

9  requests monetary damages,[1] however, imply the invalidity of his underlying conviction. That is,

10 Plaintiff's allegations of obstruction of justice, perjury, subornation of perjury, falsification of

11 evidence, false arrest, and malicious prosecution imply the invalidity of his underlying conviction.

12 Furthermore, Plaintiff does not establish that his conviction has been invalidated on appeal by a

13 habeas petition or a similar proceeding. Therefore, the favorable termination rule bars Plaintiff's

14 § 1983 action for these claims. Accordingly, these claims are dismissed without prejudice, as they

15 are not cognizable under § 1983.

16 II.    Plaintiff Lacks Standing for Injunctive Relief

17     Plaintiff's request for prospective injunction relief does not necessarily imply the invalidity

18 of his underlying conviction and so may properly be brought under § 1983. See Balisok, 520 U.S. at

19 648. Plaintiff lacks standing to seek such injunctive relief, however.

20     According to Article III of the Constitution, plaintiffs suing in federal court must allege an

21 actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). To establish

22 such standing, a plaintiff must show that he has suffered an "actual injury." Lewis v. Casey, 518

23 U.S. 343, 349 (1996). When seeking prospective injunctive relief, a plaintiff "must show that he has

24 sustained or is immediately in danger of sustaining some direct injury as the result of the challenged

25 official conduct and the injury or threat of injury must be both real and immediate, not conjectural or

26

27 _____

28      [1]Plaintiff's claims that the Defendants' actions resulted in cruel and unusual punishment, denial of due process, denial of access to courts, and jury tampering will similarly be dismissed, as Plaintiff does not allege facts to support any of these claims. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (explaining that a complaint will be dismissed if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007))).

1   hypothetical." Id. at 102 (internal quotations omitted).  "Past exposure to illegal conduct does not in

2   itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any

3   continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).  As for

4   future exposure to illegal conduct, if it can only be said that a plaintiff would be exposed to the

5   illegal conduct in the future if he "anticipate[s] violating lawful criminal statutes and being tried for

6   their offenses," the threat of injury is not "sufficiently real and immediate to show an existing

7   controversy." Id. at 496.  This Court will assume that a plaintiff "will conduct [his] activities within

8   the law and so avoid prosecution and conviction as well as exposure to the challenged course of

9   conduct said to be followed by petitioners." Id. at 497.  If a plaintiff does not have standing to bring

10   a claim, the claim should be dismissed. See Lyons, 461 U.S. at 110.

11        In the present case, Plaintiff lacks standing to sue for injunctive relief.  The only direct injury

12   Plaintiff claims to have suffered as a result of the Defendants' conduct occurred in the past (his

13   criminal conviction based on allegedly fraudulent expert testimony), which in itself does not fulfill

14   the case or controversy requirement for purposes of injunctive relief.  Moreover, Plaintiff would

15   only suffer a similar injury again (having a DNA sample incorrectly matched with his own DNA by

16   the employees of the Forensic Laboratory and the results fraudulently presented during the course of

17   a criminal trial) if Plaintiff were charged with committing another crime by the Sacramento County

18   District Attorney's Office.  The off-chance that Plaintiff will be charged with violating the law in the

19   future is insufficient to establish standing.  Accordingly, Plaintiff's claim for an injunction is

20   dismissed.

21        IT IS HEREBY ORDERED that the Complaint is dismissed without prejudice.

22        DATED: September 17, 2009.

23

24                                        /s/ Richard R. Clifton
                                          RICHARD R. CLIFTON
25                                        UNITED STATES CIRCUIT JUDGE

26

27

28

                                          - 4 -